**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PRAEPITCHA SMATSORABUDH,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 19-70238

Agency No. A208-843-988

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 14, 2020
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges, and HARPOOL,[**] District Judge.

Praepitcha Smatsorabudh, a native and citizen of Thailand, petitions for

review of the decision of the Board of Immigration Appeals ("BIA") dismissing

her appeal of the Immigration Judge's ("IJ") decision denying her application for

withholding of removal and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

("CAT"). Smatsorabudh argues that the BIA failed to apply the correct standards in concluding that her conviction for wire fraud under 18 U.S.C. § 1343 was a particularly serious crime making her ineligible for withholding of removal. She also argues that substantial evidence does not support the BIA's denial of protection under CAT and that the agency failed to review all of the relevant evidence. We disagree with each claim and accordingly deny the petition for review.

The protection of withholding of removal is not granted to aliens who have been convicted of particularly serious crimes. 8 U.S.C. § 1231(b)(3)(B)(ii). "[A] crime is particularly serious if the nature of the conviction, the underlying facts and circumstances and the sentence imposed justify the presumption that the convicted immigrant is a danger to the community." *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011). While particularly serious crimes often involve physical harm to another person, this is not always the case, and this court has previously upheld a BIA decision which concluded that mail fraud was a particularly serious crime. *See Arbid v. Holder*, 700 F.3d 379 (9th Cir. 2012).

Here, the BIA provided a reasoned explanation of its conclusion that Smatsorabudh's fraud offense constituted a particularly serious crime. The BIA noted that Smatsorabudh had "devised and engaged in a sophisticated fraudulent

2

scheme for over a year; it required importation of counterfeit goods in at least 32 separate shipments; [she] traveled to 12 different states to avoid detection; the loss to the department store victims was over $403,000.00; [she] was ordered to pay restitution in the same amount of the victims' losses; and she was sentenced to 30 months' imprisonment." This case-specific analysis, along with the incorporated reasoning of the IJ, provides sufficient information to infer that the BIA concluded that Smatsorabudh was a danger to the community. Thus, the BIA did not abuse its discretion in concluding that Smatsorabudh was guilty of a particularly serious crime and ineligible for withholding of removal.

The BIA also did not err in denying Smatsorabudh's application for protection under CAT. "A petitioner seeking CAT relief must show that it is more likely than not that [s]he will be tortured upon removal, and that the torture will be inflicted at the instigation of, or with the consent or acquiescence of, the government." *Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007). Smatsorabudh has not demonstrated that she would be tortured either by a government actor or with the tacit consent of the Thai government. Instead, the record demonstrates that she has not seen her ex-boyfriend, whom she fears may torture her, since 2010, and that she has voluntarily returned to Thailand on two occasions since moving to the United States without incident of torture.

3

Additionally, while the record demonstrates prior police apathy to her reports of abuse and stalking, these incidents do not establish that the police would breach their legal obligation to prevent torture in the future. *See* 8 C.F.R. § 208.18(a)(7).

Finally, the BIA did not err in concluding that the IJ adequately considered all evidence in making the CAT determination. When making such a determination, the IJ must consider "all evidence relevant to the possibility of future torture." 8 C.F.R. § 208.16(c)(3). There is no indication that the IJ failed to consider all of the evidence. Therefore, the IJ's general statement that she had considered all relevant evidence was sufficient. *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011).

**PETITION DENIED.**

*Smatsorabudh v. Barr*, 19-70238

PAEZ, Circuit Judge, concurring in part and dissenting in part:

Although I agree with the majority's denial of the claim for CAT relief, I disagree that the agency considered all relevant factors when it concluded that Smatsorabudh was ineligible for withholding of removal based on the particularly serious crime bar. 8 U.S.C. § 1231(b)(3)(B)(ii). On that basis, I respectfully dissent.

Our case law has created some confusion in the determination of whether a conviction qualifies as a particular serious crime under § 1231(b)(3)(B)(ii). On one hand, we have upheld the agency's interpretation that it need not make a "separate determination of dangerousness focusing on the likelihood of future serious misconduct" by the applicant. *Gomez-Sanchez v. Sessions*, 892 F.3d 985, 991 (9th Cir. 2018) (quoting *Ramirez–Ramos v. I.N.S.*, 814 F.2d 1394, 1397 (9th Cir. 1987)). And yet, we have also held that a crime is particularly serious "if the nature of the conviction, the underlying facts and circumstances[,] and the sentence imposed *justify the presumption that the convicted immigrant is a danger to the community*." *Id.* (quoting *Alphonsus v. Holder*, 705 F.3d 1031, 1041 (9th Cir. 2013)) (emphasis and alteration in original). Properly construed, our caselaw requires the agency consider dangerousness, "as the sine qua non of a particularly serious crime," *Alphonsus*, 705 F.3d at 1039, even if it need not make a separate

1

finding as to future dangerousness, *Ramirez–Ramos*, 814 F.2d at 1397. *See also Matter of Carballe*, 19 I. & N. Dec. 357, 360 (BIA 1986) ("The phrase 'danger to the community' is an aid to defining a 'particularly serious crime,' not a mandate that administrative agencies or the courts determine whether an alien will become a recidivist.").

As our cases also reveal, we look for the agency's explicit consideration of dangerousness. In *Arbid v. Holder*, cited by the majority and agency here, the IJ specifically determined that, based on the nature and circumstances of the petitioner's conviction for wire fraud, the petitioner "certainly would be a danger to the community." 700 F.3d 379, 385 (9th Cir. 2012). Likewise, in *Anaya-Ortiz v. Holder*, the IJ carefully explained why the petitioner's conviction for "driving under the influence of alcohol and personally inflicting great bodily injury" constituted a danger. 594 F.3d 673, 679–80 (9th Cir. 2010). And when the agency has not clearly considered an applicant's danger to the community, we have vacated the agency's decision. *See Alphonsus*, 705 F.3d at 1043–47 (remanding where agency considered only whether the applicant's conviction for resisting arrest was a "crime against the orderly pursuit of justice"). Here, as the majority acknowledges, neither the BIA nor the IJ expressly considered Smatsorabudh's dangerousness. In fact, neither decision even mentions the word "danger."

2

The need for clear consideration of danger is particularly important here. Smatsorabudh's conviction for wire fraud is not one that either we or the agency have construed as "inherently dangerous." *Cf. Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078 (9th Cir. 2015) (upholding agency's determination that conviction for driving under the influence and causing bodily injury was an "inherently dangerous activity"); *Gomez-Sanchez*, 892 F.3d at 989 (assault with a deadly weapon "inherently dangerous"). Nor was Smatsorabudh's conviction for a "crime against persons," which "are more likely to be categorized as 'particularly serious crimes.'" *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014) (citation omitted). Thus, there is no reason here to demand less than a clear explanation from the agency as to why the nature and circumstances of Smatsorabudh's conviction "justify the presumption that [she] is a danger to the community." *Gomez-Sanchez*, 892 F.3d at 991.

It is not our decision to make in the first instance whether Smatsorabudh's involvement in a fraudulent handbag scheme makes her a danger to the community—it is the agency's. Unconvinced that the agency considered that question, I would vacate and remand for further proceedings.